IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. EMERSON #451863 | § | |
| | § | |
| V. | § | A-12-CA-629-SS |
| | § | |
| RISSIE OWENS, BRAD LIVINGSTON, | § | |
| RICK THALER, JONI WHITE, | § | |
| CHARLEY VALDEZ, and | § | |
| JUSTIN TAYLOR | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and memorandum of law. Plaintiff is proceeding pro se.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was incarcerated in the Eastham Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was subsequently transferred to the Sanders Estes Unit.

Plaintiff maintains he was wrongfully convicted of a crime he did not commit. Plaintiff asserts that after he languished in prison for 14½ years, he was released to mandatory supervision on June 23, 2000. According to Plaintiff, he was harassed for the next 8½ years until his release was

revoked in 2009. Plaintiff accuses officers of murder when their loud rap on Plaintiff's father's bedroom window caused his father to have a heart attack in November 2001. Plaintiff was subsequently arrested on July 4, 2002, the day his father was to be interred. Plaintiff believes the egregious conduct was fueled by a personal grudge against Plaintiff by Rissie Owens. Plaintiff also complains he was expressly proscribed from attending church services the 8½ years he was on mandatory supervision. According to Plaintiff on September 29, 2008, a power surge in his electronic monitor base station caused a fire in his house, which he claims nearly killed his family.

Plaintiff contends Brad Livingston is part of the conspiracy to keep Plaintiff incarcerated. In addition, Plaintiff believes the Eastham Unit is the dumping grounds for inmates who are actually innocent. He further believes prisoners with colorable claims of actual innocence are euthanized at the Eastham Unit with bad drinking water. He suggests Rick Thaler is responsible.

Plaintiff also complains his previously earned good time credits were not restored by Joni White when he was returned to prison. Plaintiff also accuses Charley Valdez of submitting a false affidavit to a federal judge and interfering with the restoration of good time credits. Apparently, Plaintiff takes issue with Valdez's statement included in his affidavit that "prior earned good time was forfeited pursuant to Tex. Gov't Code § 498.004(b)." With respect to Justin Taylor Plaintiff accuses him of failing to honor Plaintiff's request for the return of his good time credits.

Plaintiff sues Rissie Owens, Brad Livingston, Rick Thaler, Joni White, Charley Valdez, and Justin Taylor. He seeks a declaration that the defendants' acts have violated Plaintiff's rights. He also seeks an injunction ordering the defendants, after Plaintiff has been released on mandatory supervision in 2015, to cease from ignoring the orders of the Supreme Court, cease from unconstitutionally targeting autonomous parolees who are abiding by the law, cease from retaliating

against parolees who exercise their constitutional rights to petition the government for a redress of grievances, and cease from retaliating against parolees by returning them to prison whereby they have not broken the law. Plaintiff also requests compensatory and punitive damages.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Eleventh Amendment Immunity

To the extent Plaintiff sues the defendants in their official capacities for monetary damages, they are immune from suit under the Eleventh Amendment, because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity

3

because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    Statute of Limitations

To the extent Plaintiff challenges the treatment he received while on mandatory supervision, those claims are time barred. A Harris County jury found Plaintiff guilty of the felony offense of aggravated sexual assault in Cause Number 439551. See Emerson v. Thaler, No. H-10-CV-1199 (S.D. Tex.) (Memo. and Op. Nov. 17, 2010). On November 7, 1986, the jury sentenced Plaintiff to a 35-year prison term. Id. Plaintiff was released from TDCJ custody on mandatory supervision on June 23, 2000. Id. The Texas Board of Pardons and Paroles initially revoked Plaintiff's release on February 13, 2009. Id. On March 13, 2009, the revocation hearing was reopened and the Board's decision to revoke was held in abeyance pending final disposition. Id. The Board ultimately revoked Plaintiff's mandatory supervision on May 18, 2009. Id.

There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir . 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski, 51 F.3d at 516.

All of Plaintiff's claims regarding his treatment while on mandatory supervision occurred prior to his revocation on May 18, 2009. Plaintiff did not execute his civil rights complaint until July 4, 2012, more than three years after his mandatory supervision was revoked and after the expiration of the two-year limitations period. Accordingly, Plaintiff's claims regarding his treatment on mandatory supervision are time-barred.

D. Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages against Defendants in their individual capacities for his alleged illegal confinement or the failure to restore his good time credits, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction or revocation of mandatory supervision has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. In fact, Plaintiff's federal habeas application challenging the revocation of his mandatory supervision was denied on November 17, 2010. See Emerson v. Thaler, No. H-10-CV-1199 (S.D. Tex.) (Memo. and Op. Nov. 17, 2010). The Fifth Circuit denied Plaintiff a certificate of appealability on April 27, 2011. See Emerson v. Thaler, No. 10-20841 (5th Cir. 2011). Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal confinement and

5

the failure to restore his good time credits should be dismissed without prejudice to refile once the conditions of Heck are met. Plaintiff should be allowed to refile only upon a showing that his conviction or the decision to revoke his mandatory supervision "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

    E.    Request for Injunctive Relief

Plaintiff requests the Court to order specific injunctive relief regarding Plaintiff's anticipated release to mandatory supervision in 2015 and any subsequent revocations. "In order for a plaintiff to have sufficient standing under Article III, that plaintiff must show that: he has suffered or will suffer an injury, his injury is traceable to the defendant's conduct, and a favorable federal court decision will likely redress the injury." Samnorwood Indep. Sch. Dist. v. Tex. Educ. Ag., 533 F.3d 258, 264–65 (5th Cir. 2008) (citing Bennett v. Spear, 520 U.S. 154 (1997) (footnote omitted)). Under the capable of repetition, yet evading review exception, Plaintiff must show "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Fed. Elec. Comm'n v. Wisconsin Right to Life, Inc., 551 U.S. 449, 462 (2007) (internal quotation omitted).

Plaintiff has not shown that his future release to mandatory supervision will be too short to fully litigate his claims and he has not shown a reasonable expectation that he will be subjected to the same treatment again. In addition, Plaintiff has not shown his future mandatory supervision will be improperly revoked. The possibility that Plaintiff will be treated the same during his future

release or that his constitutional rights may be violated by a revocation of his supervision is too speculative to warrant relief. Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985).

F. Habeas Claims

To the extent Plaintiff asserts his actual innocence, challenges the revocation of his mandatory supervision or challenges the failure to reinstate his previously forfeited good time credits, he must seek such relief in an application for habeas corpus relief. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court should decline to construe this action as a request for habeas corpus relief. Plaintiff has already challenged his conviction, the revocation of his mandatory supervision, and the failure to restore his good time credits in federal applications for habeas corpus relief. Until Plaintiff obtains permission from the Fifth Circuit to file a successive habeas application, the Court is without jurisdiction to consider his claims. See 28 U.S.C. § 2244(b)(3).

G. Conditions of Confinement and Disciplinary Convictions

In his memorandum Plaintiff addresses the conditions of his previous confinement at the Eastham Unit and disciplinary convictions he has received while incarcerated. Plaintiff does not make clear whether he is raising these issues as claims in his lawsuit. To the extent Plaintiff raises such claims he has failed to state a claim upon which relief can be granted against the defendants. Plaintiff fails to allege any personal involvement on the part of the defendants he has named in this lawsuit and perhaps is attempting to hold them responsible in their supervisory capacities.

Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. Monell v. Department of Social Services, 436 U.S. 658, 693, (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304. Plaintiff has failed to provide a basis for holding Defendants liable in this case. Accordingly, Plaintiff's claims regarding his conditions of confinement and disciplinary convictions should be dismissed without prejudice for failure to state a claim.

## RECOMMENDATION

The undersigned therefore recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e). Specifically, Plaintiff's claims brought against the defendants in their official capacities for monetary damages should be dismissed without prejudice for want of jurisdiction, Plaintiff's claims against the defendants in their individual capacities for monetary damages regarding the treatment he received while on mandatory supervision should be dismissed with prejudice as time-barred, Plaintiff's claims brought against the defendants in their individual capacities with regard to Plaintiff's alleged illegal confinement or the failure to restore his good time credits should be dismissed without prejudice to refile once the conditions of Heck are met, Plaintiff's claims against the defendants in their official capacities for injunctive relief should be dismissed without prejudice for want of jurisdiction, Plaintiff's habeas claims, to the extent he raises

8

any, should be dismissed without prejudice to refiling when he obtains permission from the Fifth Circuit Court of Appeals to file a successive habeas application, and Plaintiff's claims brought against the defendants in their individual capacities with regard to his previous conditions of confinement and disciplinary convictions should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of December, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE